IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BILLY M. KING, | § | |
| | § | |
|     *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-11-0928 |
| | § | |
| RICK THALER, | § | |
| | § | |
|     *Respondent*. | § | |

**ORDER OF DISMISSAL**

State inmate Billy M. King filed this *pro se* section 2254 habeas petition challenging the execution of his sentence. After reviewing the pleadings under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that this case must be dismissed for failure to exhaust.

*Procedural Background*

Petitioner reports that he was convicted of driving while intoxicated as a third-time offender and sentenced to five years probation on July 21, 2004. He claims that, in 2008, his probation was revoked and he was sent to a substance abuse felony punishment program facility. He states that his mandatory supervision was revoked on June 2, 2010, and he is now serving a three-year sentence in prison. The Texas Court of Criminal Appeals dismissed his application for state habeas relief on January 1, 2011, with a notation that "Applicant

seeking pretrial jail time credit." *Ex parte King*, WR-75,161-01. Public records for that court do not reflect that petitioner filed a subsequent application for state habeas relief.

Plaintiff raises claims in the instant federal petition for double jeopardy and denial of due process, and seeks "credit for all time incarcerated." He also complains that he is being "made to work in prison against [his] will."

*Analysis*

Under 28 U.S.C. § § 2254(b) (1) and (c), a federal habeas petitioner must exhaust all available state remedies before he may obtain federal habeas corpus relief. *Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir. 1995). Under this framework, exhaustion means that the petitioner must have presented all of his habeas corpus claims fairly to the state's highest court before he may bring them to federal court. *Fisher v. State*, 169 F.3d 295, 302 (5th Cir. 1999). Exceptions exist only where there is an absence of available state corrective process or circumstances exist that render such process ineffective to protect the rights of the applicant. *See* 28 U.S.C. § 2254(b)(1)(B).

Petitioner does not show that he has presented his claims for double jeopardy and denial of due process to the Texas Court of Criminal Appeals. Consequently, petitioner has not presented the claims in the instant petition to the Texas Court of Criminal Appeals, and his federal habeas claims are unexhausted. Because state process remains available for these claims, petitioner does not satisfy any statutory exception to the exhaustion doctrine. Accordingly, this case is subject to dismissal for failure to exhaust.

Further, petitioner's claim that he is being forced to work in prison raises a section 1983 claim for conditions of confinement, and is not a cognizable federal habeas claim. Conditions of confinement claims must be pursued through section 1983 civil rights lawsuits.

*Conclusion*

The petition is DISMISSED WITHOUT PREJUDICE for failure to exhaust state court remedies. A certificate of appealability is DENIED. Any and all pending motions are DENIED AS MOOT.

The Clerk will provide copies of this order to the parties.

Signed at Houston, Texas, on March 17, 2011.

_____
Gray H. Miller
United States District Judge